BU v. STATE
2025 OK CR 17
Case Number: F-2023-615
Decided: 10/07/2025
THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2025 OK CR 17, __ P.3d __

 

CIA DONG BU, Appellant, 
v.
THE STATE OF OKLAHOMA, Appellee.

SUMMARY OPINION

ROWLAND, JUDGE:

¶1 Appellant Cia Dong Bu appeals his Judgment and Sentence from the District Court of Pontotoc County, Case No. CF-2022-65, for Cultivation of Controlled Substance (Count 1), in violation of 63 O.S.2021, § 2-509. [1] The Honorable Steve Kessinger, District Judge, presided over Bu's jury trial and sentenced him to four years imprisonment and a $50,000.00 fine.

¶2 Bu appeals raising the following issues:

(1) whether the trial court erred by allowing the admission of other crimes evidence;

(2) whether Oklahoma's cultivation statute is unconstitutional both on its face and as applied to him;

(3) whether the evidence was insufficient to support his conviction cultivation; and

(4) whether the State's failure to preserve and disclose evidence violated his right to due process.

¶3 We find relief is not required and affirm the Judgment and Sentence of the district court.

1.

¶4 Prior to and during trial, Bu sought to preclude the State from introducing evidence of unlawful acts committed by his codefendant. Bu's objections were overruled. We review the district court's evidentiary ruling for an abuse of discretion. Olvera v. State, 2024 OK CR 28, ¶ 11, 559 P.3d 887, 892. "An abuse of discretion is any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts." Mitchell v. State, 2016 OK CR 21, ¶ 13, 387 P.3d 934, 940 (citing Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170).

¶5 "The basic law is well established - when one is put on trial, one is to be convicted - if at all - by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded." Lott v. State, 2004 OK CR 27, ¶ 40, 98 P.3d 318, 334 (citing Burks v. State, 1979 OK CR 10, ¶ 2, 594 P.2d 771, 772, overruled in part on other grounds by Jones v. State, 1989 OK CR 7, 772 P.2d 922). However, "[i]f a defendant's conduct is part of the res gestae of the charged offense, then it is not considered other crimes or bad acts evidence." Vanderpool v. State, 2018 OK CR 39, ¶ 24, 434 P.3d 318, 324 (citing Rogers v. State, 1995 OK CR 8, ¶¶ 20-21, 890 P.2d 959, 971). "Evidence is considered res gestae, when: a) it is so closely connected to the charged offense as to form part of the entire transaction; b) it is necessary to give the jury a complete understanding of the crime; or c) when it is central to the chain of events." Eizember v. State, 2007 OK CR 29, ¶ 77, 164 P.3d 208, 230 (quoting Warner v. State, 2006 OK CR 40, ¶ 68, 144 P.3d 838, 868). We find that the evidence at issue was part of the res gestae of the crimes charged.

¶6 Additionally, Bu asserts that any probative value of the evidence at issue was outweighed by the danger of unfair prejudice. 12 O.S.2021, § 2403. While the evidence code requires exclusion of even relevant evidence when its probative value is substantially outweighed by unfairly prejudicial effect, such is not the case here. The res gestae evidence was properly admitted and relief is not required.

2.

¶7 Bu asserts that Oklahoma's cultivation statute, 63 O.S.2021, § 2-509, is unconstitutionally overbroad and vague on its face, and unconstitutionally vague as applied to his conduct. None of these constitutional challenges to the statute were raised below. We review facial challenges to the constitutionality of a statute de novo. Weeks v. State, 2015 OK CR 16, ¶ 16, 362 P.3d 650, 654. However, we review unpreserved as-applied challenges for plain error. Vanderpool, 2018 OK CR 39, ¶ 40, 434 P.3d at 327. Under the plain error test, the burden is on Bu to show the existence of an actual, obvious error that affected his substantial rights. Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. This Court will correct plain error only if the error seriously affected the fairness, integrity or public reputation of the judicial proceedings or otherwise represented a miscarriage of justice. Id.

¶8 We indulge every presumption "in favor of the constitutionality of an act of the Legislature" and we will uphold the constitutionality of a statute "unless it is clearly, palpably, and plainly inconsistent with fundamental law." Gillioms v. State, 2022 OK CR 3, ¶ 19, 504 613, 619. Because statutes are presumed to be constitutional, the party asserting a vagueness challenge has the burden of demonstrating the statute is unconstitutional. Id.

A.

¶9 "In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982) (footnotes omitted). Such facial challenges are disfavored, and one challenging the constitutionality of a statute bears a heavy burden.

That is true even when a facial suit is based on the First Amendment, although then a different standard applies. In other cases, a plaintiff cannot succeed on a facial challenge unless he "establish[es] that no set of circumstances exists under which the [law] would be valid," or he shows that the law lacks a "plainly legitimate sweep." United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); Washington State Grange [v. Washington State Republican Party], 552 U.S. [442,] 449, 128 S. Ct. 1184 [2008].

Moody v. NetChoice, LLC, 603 U.S. 707, 723 (2024). Bu's facial challenge purports to attack the statute as both overbroad and vague, but his argument focuses almost exclusively on the vagueness challenge. In fact, he makes no showing that Oklahoma's marijuana cultivation statute reaches a substantial amount of conduct protected by the United States Constitution, and thus his facial overbreadth challenge must fail.

B.

¶10 We turn next to his facial challenge of the statute for vagueness. "Facial challenges are strong medicine." Dias v. City and County of Denver, 567 F.3d 1169, 1179 (10th Cir. 2009) (quoting Ward v. Utah, 398 F.3d 1239, 1246 (10th Cir. 2005)). A court can only consider a facial challenge to a law's vagueness if it implicates First Amendment interests or if the challenge is made before enforcement. United States v. Rodebaugh, 798 F.3d 1281, 1294-95 (10th Cir. 2015) (citing Maynard v. Cartwright, 486 U.S. 356, 361 (1988); Dias, 567 F.3d at 1179--80). Neither of these circumstances are applicable here; the cultivation statute neither threatens to chill any constitutionally protected conduct nor does this case concern pre-enforcement review of Section 2-509. Bu's facial challenge for vagueness fails.

C.

¶11 Next Bu challenges Section 2-509 as being unconstitutionally vague as applied to his conduct. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Rodebaugh, 798 F.3d at 1295 (quoting Grayned v. City of Rockford, 408 U.S. 104, 108 (1972)). "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." Id. (quoting Jordan v. Pugh, 425 F.3d 820, 824--25 (10th Cir. 2005); Hill v. Colorado, 530 U.S. 703, 732 (2000)). See also Engles v. State, 2015 OK CR 17, ¶ 3, 366 P.3d 311, 313 (a criminal statute is void for vagueness when it "fails to give ordinary people fair notice of prohibited conduct" or is "so standardless that it invites arbitrary enforcement").

¶12 The elements of cultivation of controlled dangerous substance are knowingly cultivating marijuana on land owned or controlled by

the defendant. [2] Instruction No. 6-9 OUJI-CR(2d). Significantly, the Oklahoma Medical Marijuana and Patient Protection Act (OMMA), 63 O.S. §§ 427.1 -- 427.28, provides an exception to Section 2-509 which, if followed, allows for the legal cultivation of marijuana.

¶13 Bu's argument centers on the ownership requirements for a legal marijuana growing operation. He acknowledges on appeal, as he did below, that a licensing requirement under the OMMA is that "[a]n applying entity may show ownership of non-Oklahoma residents, but that percentage ownership may not exceed twenty-five percent (25%)[.]" 63 O.S.2021, § 422(B)(4). See also 63 O.S.2021, § 427.14(E)(7)(c) ("any applicant applying as an entity shall show that seventy-five percent (75%) of all members, managers, executive officers, partners, board members or any other form of business ownership are Oklahoma residents pursuant to paragraph 11 of this subsection"). Thus, 75% of ownership must be by Oklahoma residents.

¶14 Bu argues that this licensing requirement was met as an Oklahoma resident was paid to be a 75% owner of both Tran World, LLC and Bu & Tran Cultivation, LLC. However, evidence at trial showed that the Oklahoma resident owner was not a legitimate owner of the businesses but rather was a "straw owner" who gained nothing from the marijuana grow other than the $3,000.00 he was paid to have his name on the licensing application; this rendered the licenses fraudulently obtained and the marijuana grow operations illegal.

¶15 Bu asserts that the extent to which an "owner" must be involved in the business is not set forth in the statutes and thus Section 2-509 and the OMMA are void for vagueness as applied to him because the prohibitions are not clearly defined. This argument disregards 63 O.S.2021, § 427.2(46) which defines an "owner" of a grow operation as follows:

"Owner" means, except where the context otherwise requires, a direct beneficial owner including, but not limited to, all persons or entities as follows:

a. all shareholders owning an interest of a corporate entity and all officers of a corporate entity,

b. all partners of a general partnership,

c. all general partners and all limited partners that own an interest in a limited partnership,

d. all members that own an interest in a limited liability company,

e. all beneficiaries that hold a beneficial interest in a trust and all trustees of a trust,

f. all persons or entities that own interest in a joint venture,

g. all persons or entities that own an interest in an association,

h. the owners of any other type of legal entity, and

i. any other person holding an interest or convertible note in any entity which owns, operates or manages a licensed facility[.]

¶16 Thus, while the ownership requirements for proper licensure under the OMMA are broad, they do not include persons who are simply paid to put their name on the licensing application, with no concomitant role in directing or managing the affairs of the enterprise, controlling the hiring or firing of personnel, etc. See United States v. Kingston, 971 F.2d 481, 487-88 (10th Cir. 1992) (persons paid to obtain financing for properties in which they had "little or no actual interest" could be referred to as straw purchasers at jury trial). Allowing a person with little or no actual connection to the operation of the enterprise would thwart the obvious intent of the Legislature that these closely-regulated businesses be largely owned and operated by Oklahoma residents. There is nothing vague or novel about such a requirement.

¶17 We therefore hold that these statutes, Section 2-509 and OMMA, considered together, afford people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited and provide standards which discourage arbitrary and discriminatory enforcement. These statutes were not unconstitutionally vague as applied to Bu.

3.

¶18 Bu claims that the evidence presented at trial was insufficient to support his conviction for cultivation of controlled dangerous substance. This Court reviews challenges to the sufficiency of the evidence in the light most favorable to the State and will not disturb the verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. State, 2024 OK CR 11, ¶ 2, 548 P.3d 473, 478; Spuehler v. State, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04. In evaluating the evidence presented at trial, we accept the fact-finder's resolution of conflicting evidence as long as it is within the bounds of reason. Day v. State, 2013 OK CR 8, ¶ 13, 303 P.3d 291, 298. "Pieces of evidence must be viewed not in isolation but in conjunction, and we must affirm the conviction so long as, from the inferences reasonably drawn from the record as a whole, the jury might fairly have concluded the defendant was guilty beyond a reasonable doubt." Davis v. State, 2004 OK CR 36, ¶ 22, 103 P.3d 70, 78 (quoting Matthews v. State, 2002 OK CR 16, ¶ 35, 45 P.3d 907, 919-20).

¶19 In order to support a conviction for cultivation of controlled dangerous substance, the State was required to prove that Bu (1) knowingly; (2) cultivated; (3) marijuana; (4) on land he owned or controlled. 63 O.S.2021, § 2-509; Instruction No. 6-9 OUJI-CR(2d). As noted above, the OMMA provides an exception to Section 2-509 which, if complied with, allows for the legal cultivation of marijuana.

¶20 The evidence presented at trial showed beyond a reasonable doubt that Bu committed each element of the crime of cultivation. However, because the evidence also showed that the applications for licensure for the grow operations did not meet the ownership requirements, the exception to Section 2-509 provided by the OMMA does not operate to make the grow operations here legal. The evidence was thus sufficient to support Bu's conviction for cultivation of controlled dangerous substance beyond a reasonable doubt.

4.

¶21 Bu claims that his right to due process was violated because the State destroyed some evidence prior to trial and did not disclose to the defense other potentially exculpatory evidence. During trial he filed a Demurrer/Motion to Dismiss and a Provisional Motion to Dismiss Under Brady v. Maryland, [3] in which he alleged that the State failed to produce discoverable evidence known and documented to exist. Bu argues on appeal that the trial court's ruling denying his motion was error. We review for an abuse of discretion. "An abuse of discretion has been defined as a conclusion or judgment that is clearly against the logic and effect of the facts presented." Pullen v. State, 2016 OK CR 18, ¶ 4, 387 P.3d 922, 925 (quoting State v. Hooley, 2012 OK CR 3, ¶ 4, 269 P.3d 949, 950).

¶22 "The Due Process Clause of the Fourteenth Amendment obligates the State to preserve evidence that might be expected to play a significant role in a suspect's defense." Norman v. State, 2023 OK CR 4, ¶ 18, 528 P.3d 1142, 1146 (quoting Harris v. State, 2019 OK CR 22, ¶ 34, 450 P.3d 933, 948; California v. Trombetta, 467 U.S. 479, 488-89 (1984)). "If the State failed to preserve evidence that can only be called potentially useful to the defense, then no relief is warranted unless the defendant can show bad faith on the State's part." Norman, 2023 OK CR 4, ¶ 20, 528 P.3d at 1147 (quoting Harris, 2019 OK CR 22, ¶ 34, 450 P.3d at 949). To be entitled to relief, a defendant must show the State acted in bad faith when it "destroyed evidence which had apparent exculpatory value and he is unable to reasonably obtain comparable evidence[.]" Norman, 2023 OK CR 4, ¶ 18, 528 P.3d at 1146 (citing Arizona v. Youngblood, 488 U.S. 51, 57 (1988).

¶23 Additionally, establishing a Brady violation requires a showing that (1) the prosecution suppressed evidence (2) that was favorable or exculpatory to the defendant, and (3) that the evidence was material. Bramlett v. State, 2018 OK CR 19, ¶ 28, 422 P.3d 788, 797. In the context of a Brady violation, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

¶24 Bu alleges that the State improperly destroyed the contents of a brown barrel allegedly containing marijuana as well as marijuana plants seized during the search of the grow facility. Bu has not shown that the items at issue were destroyed in bad faith or that the destroyed evidence had any apparent exculpatory value.

¶25 He also complains that the State failed to disclose in discovery numerous other evidentiary items. The record shows that the alleged Brady violation was litigated below. The trial court found that while there may have been a discovery violation, the evidence at issue was not exculpatory and Bu had not shown prejudice.

¶26 Indeed, we find that Bu's assertion that the evidence may have been useful to his defense is speculative; it was, at best, only potentially useful. Bu suffered no prejudice from spoliation or withholding of evidence and relief is not required. The trial court's ruling was not an abuse of discretion and relief is not required.

DECISION

¶27 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2025), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT 
OF PONTOTOC COUNTY

THE HONORABLE STEVE KESSINGER, DISTRICT JUDGE

 
 
 APPEARANCES AT TRIAL
 
 LLOYD BRENT PALMER
 KENDRA BLOCKER
 ATTORNEYS AT LAW
 1609 ARLINGTON STREET
 ADA, OK 74820
 COUNSEL FOR DEFENDANT
 APPEARANCES ON APPEAL
 
 ALAN M. TAYLOR
 PALMER LAW
 101 EAST 13TH STREET
 ADA, OK 74820
 COUNSEL FOR APPELLANT
 
 
 
 NICK THURMAN
 ASST. DISTRICT ATTORNEY
 105 WEST 13TH STREET
 ADA, OK 74820
 COUNSEL FOR STATE
 
 GENTNER F. DRUMMOND
 ATTY. GENERAL OF OKLAHOMA
 SHERI M. JOHNSON
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 

OPINION BY: ROWLAND, J.
LUMPKIN, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES
ROWLAND, JUDGE:

[1] Bu was also charged with conspiracy to Deliver/Manufacture/Possess CDS (Count 2), in violation of 63 O.S.2021, § 2-408, and Unlawful Use of Surveillance Equipment During Commission of a Felony (Count 3), in violation of 21 O.S.2021, § 1993. These charges were dismissed at the State's request before closing arguments.

[2] Title 63 O.S.2021, § 2-509 provides in relevant part that:

A. All species of plants from which controlled dangerous substances in Schedules I and II may be derived are hereby declared inimical to health and welfare of the public, and the intent of the Legislature is to control and eradicate these species of the plants in the State of Oklahoma.

B. It shall be unlawful for any person to cultivate or produce, or to knowingly permit the cultivation, production, or wild growing of any species of such plants, on any lands owned or controlled by such person, and it is hereby declared the duty of every such person to destroy all such plants found growing on lands owned or controlled by the person.

[3] Brady v. Maryland, 373 U.S. 83 (1963).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 7, 772 P.2d 922, JONES v. STATE
Discussed
 1995 OK CR 8, 890 P.2d 959, ROGERS v. STATE
Discussed
 1979 OK CR 10, 594 P.2d 771, BURKS v. STATE
Discussed
 2002 OK CR 16, 45 P.3d 907, MATTHEWS v. STATE
Discussed
 2004 OK CR 27, 98 P.3d 318, LOTT v. STATE
Discussed
 2004 OK CR 36, 103 P.3d 70, DAVIS v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2006 OK CR 40, 144 P.3d 838, WARNER v. STATE
Discussed
 2007 OK CR 29, 164 P.3d 208, EIZEMBER v. STATE
Discussed
 2012 OK CR 3, 269 P.3d 949, STATE v. HOOLEY
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2013 OK CR 8, 303 P.3d 291, DAY v. STATE
Discussed
 2015 OK CR 16, 362 P.3d 650, WEEKS v. STATE
Discussed
 2015 OK CR 17, 366 P.3d 311, ENGLES v. STATE
Discussed
 2016 OK CR 18, 387 P.3d 922, PULLEN v. STATE
Discussed
 2016 OK CR 21, 387 P.3d 934, MITCHELL v. STATE
Discussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATE
Discussed
 2018 OK CR 39, 434 P.3d 318, VANDERPOOL v. STATE
Discussed at Length
 2019 OK CR 22, 450 P.3d 933, HARRIS v. STATE
Discussed at Length
 2022 OK CR 3, 504 P.3d 613, GILLIOMS v. STATE
Cited
 2023 OK CR 4, 528 P.3d 1142, NORMAN v. STATE
Discussed at Length
 2024 OK CR 11, 548 P.3d 473, JACKSON v. STATE
Discussed
 2024 OK CR 28, 559 P.3d 887, OLVERA v. STATE
Discussed
 1985 OK CR 132, 709 P.2d 202, SPUEHLER v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1993, Tampering with Security Equipment
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 422, Commercial Grower License - Application - Criteria - Sales - Report - Penalties - Registration
Cited
 63 O.S. 427.1, Short Title
Cited
 63 O.S. 427.2, Definitions
Cited
 63 O.S. 427.14, Medical Marijuana Business License - Fee - Application - Rules
Cited
 63 O.S. 2-408, Endeavor and Conspiracy
Cited
 63 O.S. 2-509, Plants from Which Controlled Dangerous Substances are Derived
Discussed at Length